UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZY'ANDREA TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CHILDREN YOUTH AND FAMILIES et al.,<br><br>Defendants. | CASE NO. 2:25-cv-00655-JNW<br><br>ORDER |

This matter comes before the Court on pro se Plaintiff Zy'Andrea Tucker's Motion for Relief from Judgment, Dkt. No. 17, and Motion to Appoint Counsel, Dkt. No. 20.

On June 6, 2025, the Court adopted the Report and Recommendation ("R&R") of Magistrate Judge S. Kate Vaughan, denying Tucker's Motion to Proceed in forma pauperis (IFP) and ordering Tucker to pay the filing fee within thirty days. Dkt. No. 5. Tucker did not pay the fee, and on July 25, 2025, the Court dismissed the case without prejudice. Dkt. No. 7. More than a year later, on August 18, 2026, Tucker moved for relief from judgment under Rule 60(b)(6), asking the Court to reopen the

case. Dkt. No. 17 at 1. Tucker explains she was unable to address the filing-fee issue and comply with Court deadlines because she "experienced hospitalization, incarceration, eviction, and homelessness," as well as "a serious mental-health breakdown." *Id.* ¶¶ 5–8.

Rule 60(b)(6) allows courts to relieve a party from a final judgment for any justifiable reason. Fed. R. Civ. P. 60(b)(6). But courts apply it "sparingly as an equitable remedy to prevent manifest injustice and [it] is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Afoa v. China Airlines, Ltd.*, 817 F. App'x 369, 370 (9th Cir. 2020) (citation modified).

The Court recognizes the real hardships Tucker faced with her declining health, incarceration, and housing insecurity. But on this record, those hardships do not amount to extraordinary circumstances sufficient to reopen a case dismissed for failure to pay the filing fee. *See Tabb v. Naphcare*, No. 3:21-CV-05541-LK-TLF, 2026 WL 194470, at *2 (W.D. Wash. Jan. 26, 2026), *reconsideration denied*, No. 3:21-CV-05541-LK, 2026 WL 659346 (W.D. Wash. Mar. 9, 2026) (finding that a period of homelessness and unstable housing did not constitute extraordinary circumstances); *Goff v. Walters*, No. 1:18-cv-00904-KES-HBK (PC), 2024 WL 1722251, at *1–2 (E.D. Cal. Apr. 22, 2024) (denying motion for relief from judgment from a plaintiff who asserted that "his failure to prosecute the action was due to his health problems, homelessness, and financial difficulties.").

Tucker asserts serious challenges prevented her from addressing the filing-fee order and Court deadlines. But in the month after the Court dismissed the case,

Tucker filed a letter, Dkt. No. 8, a proposed amended complaint, Dkt. No. 10, and a motion for sealed access to exhibits, Dkt. No. 13. This does not suggest Tucker was unable to file documents with the Court or request an extension to pay the filing fee. Yet Tucker then waited nearly a year to seek relief. And while Tucker asserts her motion was "made within a reasonable time" in light of her hardships, Tucker does not explain the prolonged delay or provide any additional information that would allow the Court to make that determination as required by Rule 60(b)(6). Fed. R. Civ. P. 60(c)(1); *see Tabb*, 2026 WL 194470, at *3 (citing *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) ("What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.")). On this record, the Court cannot find the motion timely.

Finally, Tucker argues reopening the case is necessary "so that relevant evidence can be retained and preserved." Dkt. No. 17 ¶ 16. But no defendant was served before the Court dismissed this action, so reopening this case would do little to preserve evidence.

Accordingly, the Court DENIES Tucker's motion to reopen. Dkt. No. 17. Because this case remains closed, the Court DENIES Tucker's pending motion to appoint counsel as moot. Dkt. No. 20. Tucker may file a new case and either seek permission to proceed IFP or pay the filing fee in that case.

Dated this 7th day of October, 2026.

Jamal N. Whitehead
United States District Judge